**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7364**

WRITER'S EMAIL ADDRESS
**alexspiro@quinnemanuel.com**

February 21, 2023

<u>VIA ECF</u>

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: <u>United States Securities & Exchange Commission v. Musk, No. 22-1291</u>

Dear Ms. Wolfe:

Appellant Elon Musk respectfully submits as supplemental authority the February 2, 2023 verdict of the U.S. District Court for the Northern District of California in *In re Tesla, Inc. Sec. Litig.*, 3:18-cv-04865-EMC (N.D.Cal.), Dkt. 671, finding that Mr. Musk did not violate Section 10(b) and Rule 10b-5 in posting the tweets underlying the consent decree presently on appeal before this Court.

In its answering brief in this appeal, the SEC relied on its allegations that Mr. Musk had previously made materially false statements on Twitter as supporting its arguments opposing modification of the consent decree. *See* Answering Br. at 32, 38, 41, 46. The SEC specifically pointed to *In re Tesla*, suggesting that, because the district court in that case had found the tweets false on summary judgment, Mr. Musk violated the securities laws in 2018 and the SEC settlement was justified. Answering Br. at 9 n.2.[1] But the Northern District of California district court left to the jury the question of the materiality of the tweets, along with the remaining elements of a Section 10(b) claim. *In re Tesla, Inc. Sec. Litig.*, Dkt. 387.

Now, in light of the jury's finding that Mr. Musk's tweets did not violate Rule 10b-5, the SEC lacks support both for the consent decree itself and for its arguments on appeal. The jury's

---

[1] SEC also cited *In re Tesla* as indicating that shareholders were fairly concerned by Mr. Musk's tweets, Answering Br. at 47—a concern that the nine jurors apparently did not have.

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

verdict provides further reason why the public interest in avoiding unconstitutional settlements easily subsumes the SEC's purported stake in the consent decree. Likewise, the jury's verdict confirms the propriety of applying the unconstitutional conditions doctrine, which prohibits deals achieved "through gimmickry, which converted a valid [settlement] into 'an out-and-out plan of extortion,'" *Dolan v. City of Tigard*, 512 U.S. 374, 387 (1994) (citation omitted), to excise the unconstitutional prior restraint from the consent decree.

Very truly yours,

Alex Spiro

Cc:   Dan Berkovitz
      Michael A. Conley
      Jeffrey A. Berger
      John R. Rady

      Securities and Exchange Commission
      100 F Street, N.E.
      Washington, D.C. 20549-9040
      bergerje@sec.gov