

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

| | |
|---|---|
| **OFFICE OF THE**<br>**GENERAL COUNSEL** | **Jeffrey A. Berger**<br>**202-551-5112**<br>**bergerje@sec.gov** |

February 22, 2023

Catharine O'Hagan Wolfe, Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Court House
40 Foley Square
New York, NY 10007

Re:   *SEC v. Musk*, No. 22-1291

Dear Ms. Wolfe:

Appellant Elon Musk's letter notifying this Court about a jury verdict in a private securities-fraud action does not identify a "pertinent and significant" authority. Fed. R. App. P. 28(j); *see In re Tesla, Inc. Sec. Litig.*, No. 3:18-cv-4865 (N.D. Cal.). Musk waived his opportunity to test the Commission's allegations at trial when he voluntarily agreed (twice) to a consent judgment. The district court properly rejected his request to alter the judgment because there were no "significant" changes in factual conditions or the law that justified relief under Rule 60(b)(5). *See Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383-84 (1992). Musk asserts that the consent judgment now "lacks support" given "the jury's finding," but this is a non-sequitur; the consent judgment was not conditioned upon the outcome of the private litigation.

Even if the verdict were somehow relevant, Musk reads too much into it. The Commission had no role in that case. Unlike in a Commission action, the private plaintiff had to prove reliance, loss causation, and damages, *In re Tesla*, Dkt. 655, at 7-17 (jury instructions), and it is unknown whether the verdict turned on elements that would not burden the Commission at trial, *id.*, Dkt. 671, at 2-3 (verdict form). Moreover, the court instructed the jury to assume that Musk's tweets "were untrue," which confirms the discrete point the Commission was making when it referenced the private action in its brief. *Id.*, Dkt. 655, at 7-8.

Ultimately, the verdict has no bearing on whether the district court correctly declined to grant the extraordinary remedy of altering Musk's consent judgment years after entry. The verdict says nothing about the continuing public interest in a negotiated settlement term that does not preclude Musk from tweeting accurately about Tesla or other topics, but rather requires Tesla to review Musk's Tesla-related communications before publication, including through Musk's Twitter feed—a communication channel designated by Tesla for disclosure. And the verdict does not justify the inapt application of the "unconstitutional conditions" concept to settlements, even if this Court were to overlook Musk's forfeiture of any arguments regarding that concept.

2

                                        Sincerely,

                                        /s/ Jeffrey A. Berger
                                      Jeffrey A. Berger

cc:    Counsel for petitioners (service via ECF)